IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA HALL, | ) | CASE NO. 1:12-cv-01764 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION,[1] | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Veronica Hall ("Plaintiff") now seeks an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA"). Doc. 18. Plaintiff seeks an award above the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended. Briefing on Plaintiff's request for fees has been completed. As explained below, the Court concludes that an award of fees under the EAJA is warranted in this case but that Plaintiff has not submitted sufficient evidentiary support for the amount of fees she seeks. Accordingly, Plaintiff's Motion for Fees Pursuant to the EAJA (Doc. 18) is **GRANTED in part** and **DENIED in part**.

## PROCEDURAL HISTORY

Plaintiff filed this action to seek judicial review of the Commissioner's final decision denying her application for DIB and SSI. Doc. 1. On August 26, 2013, the Court reversed and

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), she is hereby substituted for Michael J. Astrue as the Defendant in this case.

remanded the final decision of the Commissioner.  Docs. 16 & 17.  On November 11, 2013,

Plaintiff filed a Motion for Fees pursuant to the EAJA seeking $3,281.25 in attorney's fees for a

total of 18.75 hours at an hourly rate of $175.00.  Doc. 18, p. 2; 18-1.  On November 26, 2013,

the Commissioner filed her Response.  Doc. 19.  The Commissioner does not dispute the issue of

substantial justification.  Doc. 19, p. 2.  However, the Commissioner argues that Plaintiff's

request for attorney fees should be reduced because it is excessive and not supported by

sufficient evidence to justify an increase.  Doc. 19, pp. 2-8.  Plaintiff did not file a Reply.

## DISCUSSION

I.      **The EAJA Standard**

The EAJA states that,

Except as otherwise provided by statute, a court shall award to a prevailing party
other than the United States fees and other expenses…, incurred by that party in
any civil action…, including proceedings for judicial review of agency action,
brought by or against the United States… unless the court finds that the position
of the United States was substantially justified or that special circumstances make
an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 478 U.S. 552, 556, 108 S. Ct. 2541, 2548,

101 L. Ed. 2d 490 (1988).  Thus, a prevailing party in an action against the United States can

recover fees and expenses, unless the United States' position was "substantially justified" or

"special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see Pierce* 478 U.S.

at 556, 108 S. Ct. at 2548, 101 L. Ed. 2d 490 (1988).

Here, Plaintiff is the prevailing party.  Docs. 16 & 17; *See Shalala v. Schaefer*, 509 U.S.

292, 301, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993) (holding that Plaintiff is the prevailing

party in a sentence four remand).  Plaintiff filed this Motion for Fees Pursuant to EAJA in a

timely manner, *see* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B), and the Commissioner

does not dispute the issue of substantial justification and makes no mention of any special

circumstances that would make an award of attorney's fees unjust.  Thus, the issue remaining in dispute is the amount of attorney fees to be awarded.

## II.    Reasonableness of attorney fees

In March 1996, Congress amended the EAJA by increasing the hourly rate cap for attorney fees from $75.00 to $125.00 per hour.  Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue,* No. 4:11 CV 196, 2013 WL 139799, at *1 (N.D.Ohio Jan.10, 2013).  Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished [and]… attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-450 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d, 891 (1984)).  In fact, the plaintiff must present "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n. 11).  A district court does not abuse its discretion in denying a claimant's request for an attorney hourly rate above $125.00 where the claimant only submits the Department of Labor's Consumer Price Index ("CPI").  *See Bryant*, 578 F.3d at 450.

In support of her request, Plaintiff submits her attorney's affidavit, which reflects that her attorney has approximately 20 years of experience representing social security claimants.[2]  Doc. 18-2.  Defendant objects to Plaintiff's requested rate of $175.00 per hours and contends that Plaintiff has failed to present sufficient support for her requested rate increase.[3]  Doc. 19, pp. 2-3.

As reflected in other social security cases, a difference of opinion exists within the Northern District of Ohio as to what constitutes sufficient evidence to justify an award of fees above $125.00 per hour.  *See Burgess v. Comm'r of Soc. Sec.*, 2013 WL 1818833 (N.D. Ohio Feb. 12, 2013) (M.J. Baughman) *report and recommendation adopted sub nom. Burgess v. Astrue*, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013) (J. Oliver) (noting contrary decisions within the Northern District of Ohio on the issue of social security fee awards).

The undersigned recently reviewed and considered the array of decisions within the Northern District and outlined what evidence a plaintiff must provide in order to justify an upward departure from the statutory cap.  *See Slagle v. Comm'r of Soc. Sec.*, 5:12-CV-00626 (N.D. Ohio June 28, 2013).[4]  The required evidentiary support outlined in *Slagle* was and is generally consistent with other cases within this District.  *See Jones v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 184378, * 10-11 (N.D. Ohio Sept. 10, 2012) (denying an upward departure from the statutory cap where the plaintiff provided a reference to the CPI, other attorneys'

---

[2] Plaintiff also relies upon the case of *Benyo v. Colvin*, 2013 WL 1195528 (N.D. Ohio 2013) (J. Gwin) wherein the court awarded a similar fee increase to a different attorney based on that attorney's over 30 years of experience in social security cases.  Doc. 18, p. 1.

[3] The Commissioner does not dispute the number of hours expended by Plaintiff's attorney, Katherine M. Braun.

[4] In *Slagle*, the undersigned concluded that a plaintiff should submit or base his request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate.  *Slagle* was decided before Plaintiff submitted her fee application in this case.

affidavits that requested the statutory minimum in the past to avoid litigation over the hourly fee rates, a general fee survey not specific to social security disability attorneys, and wage information for various occupations in the Cleveland-Elyria-Mentor, Ohio Metropolitan area) (J. Nugent);  *see also Keyes v. Astrue*, 2012 WL 2498892, *2-4 (N.D. Ohio June 27, 2012) (denying an upward departure from the statutory cap where the plaintiff provided an "insufficient" reference to the CPI and general fee surveys) (J. Gwin);  *see also De Nunez v. Comm'r of Soc. Sec.*, 2013 WL 60429, *5 (N.D. Ohio Jan. 3, 2013) (denying an upward departure from the statutory cap where the plaintiff provided a reference to the National CPI, general fee survey, and counsels' resumes) (J. Adams); s*ee also Burgess v. Comm'r of Soc. Sec.*, 2013 WL 1818833, *5 (N.D. Ohio Feb. 12, 2013) (holding that "(1) proof of an increase in the CPI, plus (2) proof from the bar association survey of hourly rates in the area, as well as (3) the affidavit of another attorney of comparable experience in the practice of Social Security law as to that attorney's hourly rate, collectively constitute 'satisfactory evidence'") (M.J. Baughman) *report and recommendation adopted sub nom. Burgess v. Astrue*, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013) (J. Oliver); *but see Elson v. Comm'r of Soc. Sec.*, No. 11-CV-00183 (N.D. Ohio Aug. 7, 2012) (granting an upward departure from the statutory cap based on a reference to the National CPI, together with documents showing increased hourly billing rates for attorneys of comparable experience and increased firm expenses per attorney) (J. Carr) (Doc. 22).

However, in light of and consistent with further analysis since the *Slagle* decision,[5] the Court hereby modifies the requirements that it outlined in *Slagle* as follows:

> In order to justify an upward departure from the statutory cap, a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other

---

[5] *See Montanez v. Comm'r of Soc. Sec.*, 2013 WL 6175651 (N.D. Ohio 2013) (J. Oliver).

social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

In support of her EAJA application, Plaintiff relies only upon her attorney's affidavit. This evidence falls short of the evidence required by *Bryant* and the requirements outlined above. Thus, the Court agrees with Defendant and finds that Plaintiff has not satisfied her burden of producing sufficient evidence to warrant a rate increase over the $125 per hour statutory cap.

## CONCLUSION

The Court finds that attorney fees are warranted under the EAJA. Further, the Court finds the 18.75 hours expended by attorney Katherine M. Braun to be reasonable. *See Hawk v. Astrue*, at *1 (N.D.Ohio Jan.10, 2013) (citing *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 420 (6th Cir.1990) (the average number of hours expended on average Social Security cases ranges from 30 to 40 hours). However, Plaintiff's submission is insufficient to support her request for attorney fees at the rate of $175.00 per hour. Accordingly, Plaintiff's Motion for Fees Pursuant to the EAJA (Doc. 18) is **GRANTED in part** and **DENIED in part** and the Court hereby awards Plaintiff EAJA fees in the amount of $2,343.75 (18.75 hours x $125.00/hour).

Dated: December 23, 2013

_____
Kathleen B. Burke
United States Magistrate Judge